UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

JOSEPH AURELIO MENDOZA,

Plaintiff,

v.

DEPARTMENT OF ADMINISTRATIVE SERVICES CODE ENFORCEMENT UNIT,

Defendant.

Case No.: 2:26-cv-00527-MMD-MDC

ORDER

## I. SUMMARY

*Pro se* Plaintiff Joseph Aurelio Mendoza sued the Department of Administrative Services Code Enforcement Unit ("Defendant"), alleging Defendant illegally destroyed his property when abating a nuisance violation. (ECF No. 6 ("Complaint").) Plaintiff also filed a Motion for a Temporary Restraining Order. (ECF No. 17 ("TRO Motion").). Before the Court is Defendant's motion to dismiss the Complaint.[1] (ECF No. 11 ("Motion").) As further explained below, the Court grants the Motion with leave to amend because Plaintiff's Complaint is deficient and Plaintiff fails to state a short and plain statement showing he is entitled to relief. The Court denies the TRO Motion as moot.

## II. BACKGROUND

The following facts are adapted from the Complaint (ECF No. 1) and Response.[2] This action arises from Clark County's efforts to abate an alleged nuisance on Plaintiff's

---

[1]Plaintiff responded (ECF No. 13 "Response")), and Defendant replied (ECF No. 14).

[2]Plaintiff's Response and exhibits contain additional allegations. A court may not look "beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss" in its ruling. *Ranch Realty Inc. v. DC Ranch Realty, LLC*, 614 F. Supp. 2d 983, 987 (D. Ariz. 2007) (citing *Schneider v. Cal. Dep't of Corrections*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998)). However, a court may consider

property. Plaintiff asserts he built a 1200 square foot house on his property. (ECF No. 6 at 10.) He alleges that Defendant began "harass[ing]" him about code violations beginning in 2021. (ECF No. 6 at 7, 10, 11.) On January 7, 2025, Clark County ("County") served Plaintiff a Notice of Abatement ("Notice"), citing him for multiple nuisance violations including building an unpermitted three-story concrete masonry unit ("CMU") block accessory structure[3] with a patio cover, adding additional unpermitted CMU blocks to existing concrete walls on the property, and adding illegal razor wire to the concrete walls. (ECF No. 6 at 24.) The Notice directed Plaintiff to abate the nuisance by February 10, 2025, or the County would abate the violation and file a Special Assessment lien for the cost.[4] (*Id.*) Nearly 8 months later, the County served Plaintiff another Notice on August 25, 2025. (*Id.* at 23.) The second Notice cited Plaintiff for the same violations, and a new violation for a patio cover that failed to meet the required separation distances. (*Id.*) Plaintiff had until September 29, 2025 to voluntarily abate the nuisance. (*Id.*)

Plaintiff untimely sought to appeal the Notices.[5] (ECF No. 13-1 at 5.) Plaintiff alleged the County penalized him $20,000 and improperly seized the amount from his

---

these materials in determining whether to grant leave to amend the complaint. *See Orion Tire Corp. v. Goodyear Tire & Rubber Co., Inc.,* 268 F.3d 1133, 1137 (9th Cir. 2001). The Complaint fails to allege specific facts, but the Response (ECF No. 13) alleges additional facts and includes exhibits useful to understanding whether to grant leave to amend. As such, the Court includes these facts in the background section.

[3]It appears that the accessory structure was Plaintiff's home. Plaintiff refers to this structure as a "block home." (ECF No. 13 at 2.) In both his Complaint and Response, Plaintiff alleges that his "dream home" was destroyed and he was living in it at the time of demolition. (ECF Nos. 6 at 12; 13 at 1.) However, the two Notices of Abatement only reference the building as an "accessory structure" (ECF No. 6 at 23, 24) and the Warrant states that the accessory structure was built about two and a half feet from the "main house" (ECF No. 13 at 4).

[4]The Notice stated that Plaintiff would be penalized $100 per day for the first ten days, $500 per day for the next twenty days, and $1,000 per day thereafter. (ECF No. 6 at 24.)

[5]Plaintiff emailed the Clark County Code Enforcement Public Response Office on December 9, 2025 stating he was interested in filing an appeal. (ECF No. 13-1 at 5.) They responded that he was past the time frame to file an appeal. (*Id.*) Plaintiff then forwarded his email to Victor Zavala, a code enforcement manager, on December 16 seeking a court hearing. (*Id.*) Zavala responded that the time frame to appeal an administrative violation was 15 days, and Plaintiff had failed to appeal his last citation and Notice from August.

mortgage lender without prior notice or a court order.[6] (ECF No. 6 at 12.) He further alleges he had a pending permit on the structure. (ECF No. 13 at 2.) The County then served Plaintiff an Administrative Seizure Warrant ("Warrant") identifying the structure as unsafe.[7] (ECF No. 13 at 3-4.) The Warrant authorized the County to "temporarily remove a portion of the rear block wall for demolition" and remove material and rebuild the wall to "its original form." (*Id.* at 3.) Plaintiff alleges that his property was destroyed on February 20, 2026 without prior notice, a hearing, or a court order. (ECF No. 6 at 11, 12.) He also alleges he was billed $70,000 for the demolition. (*Id.* at 12.)

## III. DISCUSSION

Defendant moves to dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(6), arguing that the Complaint is deficient because: (1) it is not signed, (2) it does not identify any proper Defendant, and (3) it fails to include any cause of action.[8] (ECF No. 11 at 3.) Plaintiff counters he has provided sufficient evidence.[9] (ECF No. 13 at 1-2). The Court agrees with Defendant.

Before addressing Defendant's Rule 12(b)(6) argument, the Court notes that the Complaint fails to satisfy Rule 11(a)'s requirement that "[e]very pleading, written motion,

---

(*Id.*) Plaintiff's subsequent email suggests he considers this a denied appeal. (ECF No. 13-1 at 5-6.)

[6]It is unclear how much Plaintiff is being penalized. Plaintiff's Complaint includes his monthly mortgage statement showing a mortgage shortage of $18,881.20. (ECF No. 6 at 29.). However, in his Response, Plaintiff alleges that he was charged $19,000 in violations. (ECF No. 13 at 5.) He also alleges the demolition bill is $71,000, not $70,000, in his Response. (*Id.*)

[7]It is unclear when the Warrant was sent as it is undated. (ECF No. 13 at 3-4.)

[8]Defendant also moves to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1). However, Defendant does not elaborate on its jurisdiction argument. To the extent its argument is based on its contention that Plaintiff failed to allege "a legal basis for federal jurisdiction" (ECF No. 11 at 3), the Court's considers this argument as part of its Rule 12(b)(6) analysis.

[9]Plaintiff's Response is titled "[Plaintiff's] Opposition to Defendant Motion for Summary Judgment" and he incorrectly refers to the Motion as a motion for summary judgment. (ECF No. 13 at 1.) Plaintiff also includes an exhibit titled "[Plaintiff's] Opposition to Defendant Motion to Dismiss." (ECF No. 13-1 at 1.) The Court considers these documents to be part of Plaintiff's Response to Defendant's Motion.

and other paper must be signed" by a party personally if they are *pro se*. Fed. R. Civ. P. 11(a). Moreover, "[t]he court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention." *Id.* Plaintiff failed to sign his Complaint, and no efforts were made to correct the error despite Defendant raising it in its Motion. (ECF No. 11 at 2.) Therefore, Plaintiff's Complaint must be struck.

Additionally, the Complaint also fails to satisfy Rule 8(a)'s requirement of a "short and plain statement" showing entitlement to relief. A complaint must be "simple, concise, and direct" so that a defendant may understand what they are being sued for. Fed. R. Civ. P. 8(a); *see McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996). Here, however, Plaintiff's Complaint is overly vague, ambiguous, and conclusory. Plaintiff makes repeated and scattered assertions that Defendant illegally destroyed his property, but fails to state in a "simple, concise, and direct" manner how Defendant actions violated Plaintiff's rights.[10] (ECF No. 6 at 1); Fed. R. Civ. P. 8(a)(1). Plaintiff, accordingly, fails to satisfy the Rule 8 standard. *See Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 415 (9th Cir. 1985) (upholding a Rule 8(a) dismissal where a complaint was confusing and conclusory).

Turning to Defendant's Motion, Defendant argues that Plaintiff fails to adequately state a claim because the Complaint does not identify a single cause of action.[11] (ECF No. 11 at 3.) To survive a motion to dismiss for "failure to state a claim upon which relief can be granted," a complaint must provide "a short and plain statement of the claim" showing that the plaintiff is entitled to relief. Fed. R. Civ. P. 12(b)(6), 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Court then assesses whether the complaint contains sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation omitted). A claim

---

[10]As noted, Plaintiff's allegations are contained in both his Complaint and Response rather than being appropriately confined to the "Statement of Claim" section in his Complaint.

[11]Plaintiff also fails to identify a proper defendant. The Complaint is brought against the Department of Administrative Services Code Enforcement Unit, but the Complaint only names "Clark County Code Enforcer" as a Defendant. (ECF No. 6 at 1, 3.)

for relief is plausible when it contains either direct or inferential allegations concerning "all the material elements necessary to sustain recovery under *some* viable legal theory." *Twombly*, 550 U.S. at 562 (citation omitted).

Here, Plaintiff alleges this is a "standard destruction of property (torta case)," but does not state what law Defendant violated nor what tort Defendant committed.[12] (ECF Nos. 13 at 1; 13 at 1; 13-1 at 1.) Moreover, Plaintiff's repeated allegations that his property was illegally destroyed and he was subject to "faulty violations" without a court hearing or order suggests he intends to assert due process violations, but he fails to identify any Constitutional or statutory provisions that would give rise to a claim.[13] (ECF Nos. 6 at 10, 12; 13-1 at 1, 5). Because the allegations are conclusory and confusing, taken alone, Plaintiff does not plausibly allege his rights were violated. In sum, Plaintiff fails to state a short and plain statement showing he is entitled to relief and fails to allege sufficient facts to state a claim. *See Twombly*, 550 U.S. at 555. Because the Court cannot find that amendment would be futile, the Court will grant leave to amend. *See Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990). Accordingly, the Court grants Defendant's Motion.

The Court has discretion to grant leave to amend and should freely do so "when justice so requires." *Allen*, 911 F.2d at 373 (*quoting* Fed. R. Civ. P. 15(a)). As Plaintiff is proceeding *pro se*, the Complaint has not been previously amended, and the Court cannot conclude that amendment would be futile, the Court grants leave to amend the Complaint.

///

///

---

[12] To the extent Plaintiff seeks to allege only state law tort claims, the Court would not have jurisdiction over this case and Plaintiff will need to file this action in state court.

[13] Instead, Plaintiff stylizes his cause of action section as a series of questions to the Court. (ECF No. 6 at 6.) For example, Plaintiff asks the Court to "see why [Defendant] seized 20k without my approval from my mortgage lender under faulty violations? Without a court hearing or notice?" (*Id.*)

**IV. CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Motion before the Court.

It is further ordered that Defendant's Motion to Dismiss (ECF No. 11) is granted. Dismissal is with leave to amend if Plaintiff can cure the deficiencies of his claims. Plaintiff must file his amended complaint within 15 days of the date of this Order—by November 6, 2026. The amended complaint must be complete in and of itself without referring or incorporating by reference any previous complaint. Any allegations, parties, or requests for relief from a prior complaint that are not carried forward in the amended complaint will no longer be before the Court. The complaint should be captioned "First Amended Complaint" and list this case number. If Plaintiff fails to timely file an amended complaint, this case will be dismissed with prejudice.

It is further ordered that Plaintiff's Motion for a Temporary Restraining Order (ECF No. 17) is denied as moot.

DATED THIS 22nd Day of October 2026.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE